IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND <br><br> Plaintiff <br> v. <br><br> MIDWEST DRYWALL CO., INC. <br><br> Defendant. | Case Number 1:06-CV00131 <br> Judge Gladys Kessler |

## ANSWER TO COMPLAINT

Defendant, Midwest Drywall Co., Inc., by and through the undersigned attorneys, hereby answers the Complaint in this action as follows:

### Jurisdiction

1.   Answering paragraph 1 of the Complaint, Defendant admits that as to the purported claims asserted by Plaintiff, this Court has jurisdiction of this action under 29 U.S.C. §1132, but Defendant denies that it has engaged in any unlawful conduct as alleged in the Complaint, specifically states that the alleged contributions sought would be illegal, and denies the remaining allegations contained in paragraph 1 of the Complaint.

2.   Answering paragraph 2 of the Complaint, Defendant is without sufficient information to admit or deny, and therefore denies, these allegations.

### Venue

3.   Answering paragraph 3 of the Complaint, Defendant is without sufficient information to admit or deny, and therefore denies, these allegations.

### Parties

4. Answering paragraph 4 of the Complaint, Defendant is without sufficient information to admit or deny, and therefore denies, these allegations.

5. Answering paragraph 5 of the Complaint, Defendant admits that it is an employer engaged in commerce within the meaning of 29 U.S.C. §§152(2) and (6), and 1002(11) with a business office at 1351 S. Reca Court, Wichita, Kansas 67209, but denies the remaining allegations contained in paragraph 5 of the Complaint.

### Common Facts

6. Answering paragraph 6 of the Complaint, Defendant admits that it has a Section 9(a) relationship with Painters District Council No. 3, International Brotherhood of Painters & Allied Trades, AFL-CIO and is party to a collective bargaining agreement with said labor organization, that for a period of time prior to May 19, 2003, had a Section 8(f) relationship and has a Section 9(a) relationship with International Union of Painters and Allied Trades, AFL-CIO District Council 3, Local Union 76 and is party to a collective bargaining agreement with said labor organization, and that it has a Section 8(f) relationship with the International Union of Painters and Allied Trades, Local Union #159 and is party to a collective bargaining agreement with said labor organization, but denies the remaining allegations contained in paragraph 6 of the Complaint.

7. Answering the first sentence in paragraph 7 of the Complaint, in reference to its collective bargaining agreements entered into with Painters District Council No. 3, International Brotherhood of Painters & Allied Trades, AFL-CIO and with International Union of Painters and Allied Trades, AFL-CIO, District Council 3, Local Union 76, denies that it agreed to be bound by the terms of any agreement and

declaration of trust of Plaintiff and/or any rules and regulations set forth in the Plaintiff's Plan, and in reference to its collective bargaining agreement entered into with the International Union of Painters and Allied Trades, Local Union #159, admits that it has agreed to be bound by and to the International Union of Painters and Allied Trades Union and Industry Pension Fund Agreement and Declaration of Trust, dated April 1, 1967, as amended from time to time.   Answering the second and third sentences of paragraph 7 of the Complaint, Defendant is without sufficient information to admit or deny, and denies, these allegations.  Further, Defendant denies the remaining allegations contained in paragraph 7 of the Complaint.

8.     Answering paragraph 8 of the Complaint, Defendant, in reference to its collective bargaining agreements entered into with Painters District Council No. 3, International Brotherhood of Painters & Allied Trades, AFL-CIO, and with International Union of Painters and Allied Trades, AFL-CIO, District Council 3, Local Union 76, denies the allegations in paragraph 8 of the Complaint.  In reference to its collective bargaining agreement entered into with the International Union of Painters and Allied Trades, Local Union #159, Defendant admits that as to each employee covered by said agreement, for each hour, or a portion thereof, for which an employee received pay, it has agreed to make contributions as specified in said collective bargaining agreement, that Defendant has complied with said collective bargaining agreement, and admits that if an employer fails to make contributions to Plaintiff's Fund within the time specified in said collective bargaining agreement, that the Joint Committee established by said collective bargaining agreement has the right to take whatever steps are necessary to secure compliance with the agreement and the employer would be liable for all costs of collection of the

payment together with attorneys fees and such penalties that may be assessed by the trustees, but Defendant denies the remaining allegations contained in paragraph 8 of the Complaint.

9.      Answering paragraph 9 of the Complaint, Defendant admits that in a prior collective bargaining agreement entered into with International Union of Painters and Allied Trades, AFL-CIO, CLC, District Council 3, Local Union 76 Defendant agreed to make, as specified in said collective bargaining agreement for employees covered by said collective bargaining agreement, contributions to the International Union of Painters and Allied Trades Joint Apprenticeship and Training Fund (IUPAT-JATF) and to the International Union of Painters and Allied Trades Labor Management Cooperative Fund (LMCF) and made contributions as specified in said collective bargaining agreement, admits that in its current collective bargaining agreement entered into with International Union of Painters and Allied Trades, AFL-CIO, CLC, District Council 3, Local Union 76 agreed to make contributions as specified in said collective bargaining agreement to the IUPAT-JATF and has made contributions as specified in said collective bargaining agreement, admits as to its collective bargaining agreement entered into with Painters District Council No. 3, International Brotherhood of Painters & Allied Trades, AFL-CIO, agreed to make contributions for employees covered by said agreement to the Labor Management Cooperative Fund and made contributions as specified in said collective bargaining agreement, and in reference to its collective bargaining agreement entered into with the International Union of Painters and Allied Trades, Local Union #159 agreed to make contributions for employees covered by said agreement to the Labor Management Cooperative Fund, has made contributions as specified in said

collective bargaining agreement, and agreed to honor authorizations for check - off of political contributions from employees who are union members to the Political Action Together – Political Committee (PAT-PC) and complied with said collective bargaining agreement, but denies the remaining allegations contained in paragraph 9 of the Complaint.

10. Answering paragraph 10 of the Complaint, Defendant is without sufficient information to admit or deny, and therefore denies, these allegations.

## ANSWER TO COUNT I

11. Answering paragraph 11 of the Complaint, Defendant incorporates herein by reference as if fully restated its answers to paragraphs 1 through 10 of the Complaint.

12. Answering paragraph 12 of the Complaint, Defendant denies the allegations in paragraph 12 of the Complaint.

13. Answering paragraph 13 of the Complaint, Defendant denies that it has failed to make contributions required to be paid to a specific fund as specified in the collective bargaining agreements it has entered into with Painters District Council No. 3, International Brotherhood of Painters & Allied Trades, AFL-CIO, with International Union of Painters and Allied Trades, AFL-CIO, District Council 3, Local Union 76, and with the International Union of Painters and Allied Trades, Local Union #159, states that the alleged contributions sought by Plaintiff would be illegal, and denies the remaining allegations in paragraph 13 of the Complaint.

## ANSWER TO COUNT II

14. Answering paragraph 14 of the Complaint, Defendant incorporates herein by reference as if fully restated its answers to paragraphs 1 through 10 of the Complaint.

15. Answering paragraph 15 of the Complaint, Defendant denies the allegations in paragraph 15 of the Complaint.

16. Answering paragraph 16 of the Complaint, Defendant denies the allegations in paragraph 16 of the Complaint.

17. Answering paragraph 17 of the Complaint, Defendant denies that it has failed to make contributions required to be paid to a specific fund as specified in the collective bargaining agreements it has entered into with Painters District Council No. 3, International Brotherhood of Painters & Allied Trades, AFL-CIO, with International Union of Painters and Allied Trades, AFL-CIO, District Council 3, Local Union 76, and with the International Union of Painters and Allied Trades, Local Union #159, states that the alleged contributions sought by Plaintiff would be illegal, and denies the remaining allegations in paragraph 17 of the Complaint.

## ANSWER TO COUNT III

18. Answering paragraph 18 of the Complaint, Defendant incorporates herein by reference as if fully restated its answers to paragraphs 1 through 10 of the Complaint.

19. Answering paragraph 19 of the Complaint, Defendant admits that the amount of contributions required to be paid to a specific fund is specified in the collective bargaining agreements it has entered into with Painters District Council No. 3, International Brotherhood of Painters & Allied Trades, AFL-CIO, with International

Union of Painters and Allied Trades, AFL-CIO, District Council 3, Local Union 76, and with the International Union of Painters and Allied Trades, Local Union #159, but denies the remaining allegations in paragraph 19 of the Complaint.

20.    Answering paragraph 20 of the Complaint, Defendant is without sufficient information to admit or deny, and therefore denies, these allegations.

21.    Answering paragraph 21 of the Complaint, Defendant admits that it has complied with the collective bargaining agreements it has entered into with Painters District Council No. 3, International Brotherhood of Painters & Allied Trades, AFL-CIO, with International Union of Painters and Allied Trades, AFL-CIO, District Council 3, Local Union 76, and with the International Union of Painters and Allied Trades, Local Union #159 including providing reports and allowing audits as required under said collective bargaining agreements, but denies the remaining allegations of paragraph 21 of the Complaint.

22.    Answering paragraph 22 of the Complaint, Defendant denies the allegations contained in paragraph 22 of the Complaint.

23.    Answering paragraph 23 of the Complaint, Defendant admits that it has complied with the collective bargaining agreements it has entered into with Painters District Council No. 3, International Brotherhood of Painters & Allied Trades, AFL-CIO, with International Union of Painters and Allied Trades, AFL-CIO, District Council 3, Local Union 76, and with the International Union of Painters and Allied Trades, Local Union #159 including providing reports and allowing audits as required under said collective bargaining agreements, but denies the remaining allegations of paragraph 23 of the Complaint.

24. Answering paragraph 24 of the Complaint, Defendant denies that Plaintiff has suffered any damage, denies that any breach has occurred, and denies the remaining allegations in paragraph 24 of the Complaint.

25. Answering paragraph 25 of the Complaint, Defendant denies the allegations in paragraph 25 of the Complaint.

### ANSWER TO COUNT IV

26. Answering paragraph 26 of the Complaint, Defendant incorporates herein by reference as if fully restated its answers to paragraphs 1 through 10 and 19 through 25 of the Complaint.

27. Answering paragraph 27 of the Complaint, Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Answering paragraph 28 of the Complaint, Defendant denies the allegations contained in paragraph 28 of the Complaint.

### ANSWER TO COUNT V

29. Answering paragraph 29 of the Complaint, Defendant incorporates herein by reference as if fully restated its answers to paragraphs 1 through 10 and 19 through 25 of the Complaint.

30. Answering paragraph 30 of the Complaint, Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Answering paragraph 31 of the Complaint, Defendant denies any delinquency, states that it has disclosed books, records, and information to auditors employed by Plaintiff and therefore denies the allegations in paragraph 31 of the Complaint.

32.     Answering paragraph 32 of the Complaint, Defendant denies the allegations contained in paragraph 32 of the Complaint.

## ANSWER TO COUNT VI

33.     Answering paragraph 33 of the Complaint, Defendant incorporates herein by reference as if fully restated its answers to paragraphs 1 through 32 of the Complaint.

34.     Answering paragraph 34 of the Complaint, Defendant denies that it has disregarded its contractual and legal obligations and denies the remaining allegations in paragraph 34 of the Complaint.

35.     Answering paragraph 35 of the Complaint, Defendant denies that it has refused to submit remittance reports, denies that it has refused to pay contributions that are not inconsistent with law, and denies the remaining allegations in paragraph 35 of the Complaint.

36.     Answering paragraph 36 of the Complaint, Defendant denies the allegations in paragraph 36 of the Complaint.

37.     Defendant denies all other allegations in the Complaint not otherwise expressly admitted herein.

## SEPARATE AND ADDITIONAL DEFENSES

For its separate and additional defenses, Defendant, without conceding that it bears the burden of proof or persuasion as to any of them, avers as follows:

1.     Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2.  Plaintiff's Complaint, in whole or in part, should be dismissed because Plaintiff's claims are barred by the applicable statute of limitations.

3.  Plaintiff's Complaint, in whole or in part, is barred by the doctrine of estoppel.

4.  Plaintiff's Complaint, in whole or in part, is barred by the course of dealing between Defendant and the labor organization under the collective bargaining agreement Defendant has entered into with said labor organization.

5.  Plaintiff's Complaint based on the collective bargaining agreement entered into by Defendant with the International Union of Painters and Allied Trades, Local Union #159 is barred by failure to exhaust the remedies specified in that collective bargaining agreement.

6.  Plaintiff's Complaint based on the collective bargaining agreement entered into by Defendant with the International Union of Painters and Allied Trades, Local Union #159 is barred by the Decision and Order of the Joint Trade Board of the Painters and Decorators Joint Committee, Inc. interpreting the collective bargaining agreement entered into by Defendant with the International Union of Painters and Allied Trades, Local Union #159.

7.  Plaintiff's Complaint is barred as the contributions sought by Plaintiff are themselves illegal.

8.  Plaintiff's complaint should be dismissed as Defendant has paid all contributions to funds as specified in the collective bargaining agreements entered into by Defendant.

9.  Defendant specifically reserves its right to amend this Answer to include additional affirmative defenses or delete affirmative defenses that may become

applicable or inapplicable in the course of investigation and discovery pertaining to this matter.

WHEREFORE, Defendant prays that:

1. Plaintiff's Complaint be dismissed with prejudice in its entirety and that judgment be entered in Defendant's favor;

2. The Court deny Plaintiff's requested relief; and

3. The Court award Defendant its costs and attorneys fees.

Respectfully submitted,

MIDWEST DRYWALL CO., INC.

By s/Robert D. Overman
Robert D. Overman, KS No. 08155
Morris, Laing, Evans, Brock & Kennedy, Chtd.
300 N. Mead, Suite 200
Wichita, Kansas 67202-2722
Telephone: (316) 262-2671
Facsimile: (316) 262-6226
E-mail: roverman@morrislaing.com

Charles F. Walters
D.C. Bar No. 444529
Seyfarth Shaw, LLP
815 Connecticut Avenue, N.W.
Suite 500
Washington, DC 20006
Telephone: (202) 263-2400
Facsimile: (202) 828-5393
E-mail: cwalters@seyfarth.com

*Attorneys for Defendant Midwest Drywall Co., Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 22nd day of March, 2006, I presented the foregoing to the clerk of the court for filing and uploading to the CM/ECF system which will send a notice of electronic filing to the following:

Sanford G. Rosenthal
Jennings Sigmond, P.C.
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA  19106-3683
*Attorney for Plaintiff Fund*

                                             s/Robert D. Overman