IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED ) | | |
| TRADES INDUSTRY PENSION FUND ) | | |
| ) | | |
| Plaintiff ) | CIVIL ACTION NO. | |
| v. ) | 06-131 (GK) | |
| ) | | |
| MIDWEST DRYWALL CO., INC. ) | | |
| ) | | |
| Defendant ) | | |

**JOINT STATEMENT AND PROPOSED SCHEDULING
ORDER PURSUANT TO LOCAL RULE 16.3(d)**

Plaintiff, International Painters and Allied Trades Industry Pension Fund ("Pension Fund," "Fund," or "Plaintiff"), and Defendant, Midwest Drywall Co., Inc. ("Midwest Drywall," "Company" or "Defendant"), through their undersigned counsel, conferred on March 29, 2006, and submit the following report of their meeting for the Court's consideration:

I.      Brief Statement of the Case and Jurisdiction:

In accordance with the Court's March 22, 2006 Order Setting Initial Scheduling Conference, each of the parties has elected to file a separate supplemental pleading setting forth a brief statement of the case and statutory basis for all causes of action or defenses.

II.     Matters Governed by Local Rule 16.3(c):

The parties jointly report to the Court as follows:

1.      It is Midwest Drywall's position that this case is likely to be resolved by dispositive motion. The Pension Fund does not presently know whether the case is likely to be resolved by dispositive motion, although it reserves the right to file such a motion if deemed appropriate.

2.      The parties agree that any remaining non-parties should be joined and all pleadings be amended by no later than May 30, 2006. The parties believe the legal and factual issues will be

166539.2

narrowed by the close of discovery.

    3.      It is the Pension Fund's position that this case may be assigned to a magistrate judge for discovery purposes only but not for trial. It is Midwest Drywall's position that this case should be assigned to a magistrate judge for discovery purposes and trial.

    4.      The parties have not discussed settlement at this time and counsel do not see it as a viable possibility at this time. However, counsel do not foreclose the possibility of settlement based on the outcome of discovery or as a result of the alternative dispute resolution process discussed in item #5 below.

    5.      The undersigned counsel believe that this matter may benefit from an alternative dispute resolution process, especially with a magistrate judge familiar with labor and ERISA issues who would be in a position to provide the parties with a confidential neutral evaluation of the case and their respective positions. This case may benefit from this form of alternative dispute resolution at the outset and to continue for a period of 60 – 90 days (as it is expected that more than one session will likely be necessary given the issue and facts involved) with a stay of discovery and other pre-trial proceedings while this process is pending.

    6.      The parties submit that summary judgment motions should be due 45 days after conclusion of discovery with oppositions submitted in accordance with Local Civil Rule 7. The target decision date on these dispositive motions should be within 60-90 days of the reply deadline date.

    7.      The parties agree to dispense with the initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure.

    8.      The parties suggest that all discovery be commenced or served in time to be

completed by the later of September 30, 2006 or 150 days after the conclusion of the alternative dispute resolution process discussed in item #5 above. The parties intend to serve discovery electronically as permitted by Local rule and suggest the following limits on discovery:

(a) <u>Interrogatories</u>. Maximum of thirty (30) interrogatories, including parts and subparts, by Plaintiff to Defendant and vice-versa, without leave of court. Responses due in accordance with Fed. R. Civ. P. 33.

(b) <u>Document Production</u>. No maximum for requests for production of documents by each party to any other party. Responses due in accordance with Fed. R. Civ. P. 34.

(c) <u>Depositions</u>. Maximum of ten (10) depositions by Plaintiff and ten (10) by Defendant. However, neither Plaintiff nor Defendants may exceed five (5) non-party, non-expert witness depositions without leave of Court. Each deposition is limited to a maximum of seven (7) hours (excluding a one (1) hour lunch break) unless extended by agreement of the parties or otherwise permitted by this Court. Depending upon information obtained in discovery, the parties reserve the right to seek to take additional depositions.

(d) <u>Protective Order</u>. The parties do not presently believe that there is a need for discovery in this case to be governed by a protective order but reserve their respective rights to revisit this issue and seek appropriate relief from the Court should the need arise at a later date.

9. The normal requirements for exchange of expert witness reports and information should prevail, with all depositions of experts to be completed within the discovery period.

10. As this is not a class action, all provisions regarding class action lawsuits are inapplicable.

11. There is no need for special bifurcation of trial or discovery.

12. The pre-trial conference should be scheduled for a date approximately 30 days after any decision on dispositive motions; or, if there are no dispositive motions, the pre-trial conference should be scheduled for a date approximately forty-five (45) days after the close of discovery.

13. The Court should set a trial date at the pre-trial conference, with such date to be within 30 to 60 days after the pre-trial conference.

14. There are no other or special items for a scheduling order.

Respectfully submitted,

/s/ Sanford G. Rosenthal
Sanford G. Rosenthal
D.C. Bar No. 478737
JENNINGS SIGMOND, P.C.
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Sq.
Philadelphia, PA 19106-3683
Telephone: (215) 351-0611
Fax: (215) 922-3524
E-Mail: srosenthal@jslex.com

Attorney for Plaintiff

Dated: April 3, 2006

/s/ Robert D. Overman
Robert D. Overman
KS No. 08155
MORRIS, LAING, EVANS,
BROCK & KENNEDY, CHTD.
300 N. Mead, Suite 200
Wichita, Kansas 67202-2722
Telephone: (316) 262-2671
Fax: (316) 262-6226
E-Mail: roverman@morrislaing.com

Charles F. Walters
D.C. Bar No. 444529
SEYFARTH SHAW, LLP
815 Connecticut Avenue, N.W., Ste. 500
Washington, DC 20006
Telephone: (202) 263-2400
Facsimile: (202) 828-5393
E-Mail: cwalters@seyfarth.com

Attorneys for Defendant

Dated: April 3, 2006