**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED ) | | |
| TRADES INDUSTRY PENSION FUND ) | | |
| ) | | |
| Plaintiff ) | CIVIL ACTION NO. | |
| v. ) | 06-131 (GK) | |
| ) | | |
| MIDWEST DRYWALL CO., INC. ) | | |
| ) | | |
| Defendant ) | | |

**PLAINTIFF'S BRIEF STATEMENT OF THE CASE AND JURISDICTION**

Plaintiff, International Painters and Allied Trades Industry Pension Fund ("Pension Fund," "Fund," or "Plaintiff") is a trust fund and an employee benefit plan under 29 U.S.C. §§ 186(c)(5) and 1002(37)(2) and (3). The Pension Fund is administered from its offices located in the District of Columbia. The Pension Fund provides retirement benefits to eligible participants. Those benefits are funded by contributions paid by employers who have an obligation under collective bargaining agreements to which they are bound to make contributions to the Pension Fund based on hours worked or paid to their employees and through earnings from the investment of those contributions.

Midwest Drywall Co., Inc. ("Midwest Drywall," "Company" or "Defendant") is a corporation engaged in interstate commerce within the meaning of 29 U.S.C. §§152(2) and (6) and 1002(11). Midwest Drywall's principal place of business is in Kansas, although it operates in many different states. Midwest Drywall is signatory to one or more collective bargaining agreements with local unions affiliated with the International Union of Painters and Allied Trades AFL-CIO, CLC, including IUPAT Local Union #159. Local 159 is located in Nevada.

The Local 159 collective bargaining agreement includes the following provision which is known as an "out of area" clause:

166760.1

>   (b)  The Employer party hereto shall, when engaged in work outside the geographic jurisdiction of the Union party to the agreement, comply with all of the lawful clauses of the collective bargaining agreement in effect in said other geographic jurisdiction and executed by the employers of the industry and the affiliated Local Unions in that jurisdiction, including but not limited to, the wages, hours, working conditions, fringe benefits, and procedure for settlement of grievances set forth therein: provided however, that as to employees employed by such employer from within the geographic jurisdiction of the Union party to this agreement and who are brought into an outside jurisdiction, such employee shall be entitled to receive the wages and conditions effective in either the home or outside jurisdiction whichever are more favorable to such employees, and fringe benefit contributions on behalf of such employees shall be made solely to their home funds in accordance with their governing documents.  This provision is enforceable by the District Council or Local Union in whose jurisdiction the work is being performed, both through the procedure for settlement of grievances set forth in its applicable collective bargaining agreement and through the courts, and is also enforceable by the Union party to this agreement, both through the procedure for settlement of grievances set forth in this agreement and through the courts.

The Pension Fund claims that this provision of the Local 159 Agreement obligates Midwest Drywall to make contributions to the Pension Fund on hours paid to its employees who perform bargaining unit work not only in the territorial jurisdiction of Local 159 but also in any other geographic jurisdiction in which there is an existing collective bargaining agreement between the Painters union and employers in that area.  The Pension Fund also claims that the "out of area" clause also obligates the Company to abide by all other provisions of the collective bargaining agreements in effect in these other jurisdictions as well. This would include provisions in those agreements prohibiting the subcontracting of bargaining unit work to companies that bound to collective bargaining agreements with the Painters Union.

The Pension Fund recently completed an audit of Midwest Drywall's payroll and related records.  Based on the results of that audit, the Pension Fund claims that Midwest Drywall has

failed to comply with its obligations as mandated by the "out of area" provision by failing to remit contributions for covered work performed by its employees in areas outside the geographic jurisdiction of Local 159 and by subcontracting covered work to nonunion contractors. The Pension Fund, thus, claims that Midwest Drywall owes additional contributions plus other related damages under ERISA, the applicable collective bargaining agreements and the Fund's Plan of Benefits.

As set forth in its Answer, Midwest Drywall disputes the Pension Fund's claims.

This Court has subject matter jurisdiction over the Pension Fund's claims under 29 U.S.C. §§185(a), 1132(d) and (e) and 1145. The Court has personal jurisdiction over Midwest Drywall pursuant to 29 U.S.C. §1132(e)(2) which provides for nationwide service of process and that venue is proper where the Pension Fund is located.

                                              Respectfully submitted,

                                              JENNINGS SIGMOND, P.C.

                                  BY:  /s/ Sanford G. Rosenthal
                                         SANFORD G. ROSENTHAL
                                         Bar No. 478737
                                         The Penn Mutual Towers, 16th Floor
                                         510 Walnut Street, Independence Square
                                         Philadelphia, PA 19106-3683
                                         (215) 351-0611
                                         Attorney for the Fund

Date:  April 3, 2006

## **CERTIFICATE OF SERVICE**

I, SANFORD G. ROSENTHAL, ESQUIRE, state under penalty of perjury that I caused a copy of the foregoing Plaintiffs' Brief Statement of the Case and Jurisdiction to be placed in the U.S. mail with postage for first class delivery, on the date and to the addresses below.

Robert D. Overman, Esquire  
Morris, Laing, Evans, Broch & Kennedy Chtd.  
300 N. Mead, Ste. 200  
Wichita, Kansas 67202-2722  

Charles F. Walters, Esquire  
Seyfarth Shaw, LLP  
815 Connecticut Avenue, N.W., Ste. 500  
Washington, DC 20006  

　　　　　　　　　　　　　　　　　　　　　/s/ Sanford G. Rosenthal　　　　　　　  
　　　　　　　　　　　　　　　　　　　SANFORD G. ROSENTHAL, ESQUIRE

Date: April 3, 2006

166760.1