IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND <br><br> Plaintiff <br> v. <br><br> MIDWEST DRYWALL CO., INC. <br><br> Defendant. | Civil Action No. 06-131 (GK/JMF) |

**Amended**
**Defendant's Brief Statement of the Case and Statutory Basis for Defenses**

Plaintiff has brought this action under 29 U.S.C. § 1132 asserting claims under 29 U.S.C. § 1145 and 29 U.S.C. § 185. As set forth in the Answer, including the affirmative defenses, Defendant denies Plaintiff's claims. Defendant has paid all contributions to funds as specified in the collective bargaining agreements it has entered into with Painter Local Unions and pursuant to the parties' course of dealing and the interpretations of the collective bargaining agreements. Plaintiff's claims are illegal and in violation of 29 U.S.C. § 186, which in relevant part prescribes that it is unlawful for Defendant to pay monies to funds, including to Plaintiff, when, among other requirements, the payments are not for the sole and exclusive benefit of the employees of Defendant and the detailed basis on which payments are to be made is not specified in a written agreement with Defendant.

Pursuant to 29 U.S.C. § 159(a), Defendant has entered into a collective bargaining agreement with Painters District Council No. 3, International Brotherhood of Painters & Allied Trades, AFL-CIO (District Council 3). For a period of time prior to May 19, 2003,

EXHIBIT A

pursuant to 29 U.S.C. § 158(f), Defendant had entered into collective bargaining agreements with International Union of Painters and Allied Trades, AFL-CIO District Council 3, Local Union 76 (Local 76) and since May 19, 2003, pursuant to 29 U.S.C. § 159(a), has entered into a collective bargaining agreement with said labor organization.  Pursuant to 29 U.S.C. § 158(f), Defendant has entered into collective bargaining agreements with the International Union of Painters and Allied Trades, Local Union #159 (Local 159).

The written collective bargaining agreements entered into by District Council 3 and by Local 76 with Defendant do not contain any basis upon which payments are to be made to Plaintiff.  In a prior written collective bargaining agreement entered into by Local 76 with Defendant, Defendant agreed to make, as specified in said collective bargaining agreement for employees covered by said collective bargaining agreement, contributions to the International Union of Painters and Allied Trades Joint Apprenticeship and Training Fund (IUPAT-JATF) and to the International Union of Painters and Allied Trades Labor Management Cooperative Fund (LMCF) and made contributions as specified in said collective bargaining agreement.  In the current written collective bargaining agreement entered into by Local 76 with Defendant, Defendant agreed to make contributions as specified in said collective bargaining agreement to the IUPAT-JATF and has made contributions as specified in said collective bargaining agreement.  In the written collective bargaining agreement entered into by District Council 3 with Defendant, Defendant agreed to make contributions for employees covered by said agreement to the Labor Management Cooperative Fund and made contributions as specified in said collective bargaining agreement.

The written collective bargaining agreements entered into by Local 159 with Defendant contain detailed basis, as to each employee engaged in work covered by said agreement, on which contributions are to be made to Plaintiff.  Defendant has complied with said provisions including the Decision and Order of the Joint Trade Board of the Painters and Decorators Joint Committee, Inc. interpreting the collective bargaining agreement and the course of dealing between the parties.  Plaintiff, as a third party beneficiary of the written agreement by Local 159 with Defendant, is bound by the course of dealing between Local 159 and Defendant under said agreement and the interpretations of said agreement.

In the written collective bargaining agreement entered into by Local 159 with Defendant, Defendant agreed to make contributions for employees covered by said agreement to the Labor Management Cooperative Fund, agreed to honor authorizations for check-off of political contributions from employees who are union members to the Political Action Together – Political Committee (PAT-PC), and has complied with said provisions including the parties' interpretation of said agreement and the course of dealing between the parties.

In sum, the contributions sought by Plaintiff are illegal and otherwise not recoverable by Plaintiff in this action.

Respectfully submitted,

MIDWEST DRYWALL CO., INC.

By  s/Robert D. Overman
Robert D. Overman, KS No. 08155
Morris, Laing, Evans, Brock & Kennedy, Chtd.
300 N. Mead, Suite 200
Wichita, Kansas  67202-2722
Telephone:  (316) 262-2671
Facsimile:  (316) 262-6226
E-mail:  roverman@morrislaing.com

        Charles F. Walters
        D.C. Bar No. 444529
        Seyfarth Shaw, LLP
        815 Connecticut Avenue, N.W.
        Suite 500
        Washington, DC 20006
        Telephone: (202) 263-2400
        Facsimile: (202) 828-5393
        E-mail: cwalters@seyfarth.com

*Attorneys for Defendant Midwest Drywall Co., Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this _____ day of July, 2006, I presented the foregoing to the clerk of the court for filing and uploading to the CM/ECF system which will send a notice of electronic filing to the following:

Sanford G. Rosenthal
Jennings Sigmond, P.C.
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683
*Attorney for Plaintiff Fund*

        s/Robert D. Overman

4