IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND | ) ) ) | |
| | ) | Civil Action No. 06-131(GK) |
| | ) | **Next – Scheduled Court Deadline** |
| Plaintiff | ) | **Dispositive Motions: January 30, 2008** |
| v. | ) ) | |
| MIDWEST DRYWALL CO., INC. | ) ) | |
| Defendant | ) | |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, International Painters and Allied Trades Industry Pension Fund ("Pension Fund," or "Plaintiff"), by its legal counsel, respectfully moves this Court, pursuant to Fed. R. Civ. Pro. 56(a) to enter summary judgment in favor of the Plaintiff and against Defendant, Midwest Drywall Co., Inc. ("Midwest" or "Defendant"), for unpaid contributions, liquidated damages, interest, audit costs and attorneys' fees and costs incurred by the Plaintiff pursuant to 29 U.S.C. §§1132(g)(2)(A)-(E) and the documents and instruments governing the Plaintiff.

In support of this Motion, the Plaintiff relies upon the allegations in its Complaint, the Declaration of Gary J. Meyers,[1] the Declaration of Robert E. Moore, C.P.A.,[2] and the Declaration of John Smirk.[3]

The grounds for this Motion are as follows:

1.    For all times relevant to this action, Midwest has been signatory to a series of labor

---

[1] The Declaration of Gary J. Meyers ("Meyers Decl.") is attached to the Statement of Material Facts ("SMF") as Exhibit 1. The documents referred to in the Meyers Decl. are attached as Exhibits 4-8, 12.
[2] The Declaration of Robert E. Moore, C.P.A. ("Moore Decl.") is attached to the SMF as Exhibit 2. The documents referred to in the Moore Decl. are attached as Exhibits 13 & 14.
[3] The Declaration of John Smirk ("Smirk Decl.") is attached to the SMF as Exhibit 3. The documents referred to in the Smirk Decl. are attached as Exhibits 5, 9-11.

agreements with IUPAT District Council 15 ("DC 15") and IUPAT Local 159 ("Local 159"). Under the terms of the labor agreements, Midwest is bound to the Agreement and Declaration of Trust of the Pension Fund and the International Painters and Allied Trades Industry Pension Plan (SMF at ¶ 9). The Company is also bound to the Agreements and Declaration of Trust of the Finishing Trades Institute f/k/a International Union of Painters and Allied Trades Joint Apprenticeship and Training Fund ("FTI") and Painters and Allied Trades Labor Management Cooperation Initiative ("LMCI" and together with FTI, "Ancillary Funds") (SMF at ¶ 10).

2. The labor agreements require employers to pay contributions for work performed within the jurisdiction of the signatory local union and, when the signatory employer performs work outside the geographic jurisdiction of the signatory local union, in areas where there is a collective bargaining agreement in effect between any local union or district council of the International Union of Painters and Allied Trades and employers of the industry (SMF at ¶ 16).

3. The Pension Fund and Ancillary Funds (jointly, "Funds") conducted an audit of Company's books and records for the period January 1, 2001 through June 30, 2004 which revealed an aggregate shortage of $619,325.96 (SMF at ¶ 30-31).

4. The delinquency resulted in part from: (1) Midwest's failure to make contributions for all hours of covered work performed in areas where there is a collective bargaining agreement in effect between local unions or district councils of the International Union of Painters & Allied Trades and (2) Company's use of non-signatory contractors in violation of the subcontracting provision of the labor agreements (SMF at ¶ 32).

5. Midwest is in continuing violation of the out-of-area clause and owes contribution amounts to each of the Funds for the period July 1, 2004 forward as a result of Company's

continuing violations of the labor agreements. The amounts of these additional obligations have not yet been liquidated as additional audits will need to be performed (SMF at ¶ 34).

6.    The terms of Local 159's labor agreement are clear and unambiguous. Furthermore, the out-of-area clauses contained in Article IV of the Local 159 labor agreements are lawful and binding. Consequently, Midwest is required to pay contributions for all hours of covered work performed in any area where a collective bargaining agreement is in effect between a local unions or district council of the IUPAT.

7.    There is no genuine issue as to any material fact and the Plaintiff is entitled to judgment as a matter of law.

WHEREFORE, the Plaintiff respectfully asks that the Court enter judgment in favor of the Plaintiff.

BY: /s/ Richard B. Sigmond
RICHARD B. SIGMOND, ESQUIRE
(I.D. NO. 446969)
KENT CPREK
(I.D. NO. 478231)
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683
(215) 351-0609/0615

Date: January 30, 2008                    Attorney for Plaintiff