IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ) <br> ALLIED TRADES INDUSTRY ) <br> PENSION FUND ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> MIDWEST DRYWALL CO., INC. ) <br> ) <br> Defendant. ) | Civil Action No. 06-131(GK) <br> **Next – Scheduled Court Deadline** <br> **Dispositive Motions: January 30, 2008** |

### ORDER OF SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF

Upon consideration of the Motion for Summary Judgment filed by Plaintiff, International Painters and Allied Trades Industry Pension Fund, and the response thereto, as well as the pleadings and documents filed of record with the Court, IT IS ORDERED:

1. Midwest Drywall Co., Inc. is required to pay contributions for all hours worked by or paid to employees covered by the labor agreements.

2. The "out-of-area" clause contained in Article IV of the Local 159 labor agreements is lawful, valid and enforceable. Defendant shall, when engaged in work outside the geographic jurisdiction of IUPAT District Council 15 and IUPAT Local Union 159, comply with all of the lawful clauses of the collective bargaining agreement(s) in effect in such other geographic area when such agreement(s) has been executed by an affiliated District Council or Local Union of the IUPAT and employers of the industry, including, but not limited to, the wages, hours, working conditions, fringe benefits, and procedure for settlement of grievances set forth therein.

3. Defendant, its owners, officers, agents, servants, attorneys and all persons acting on their behalf or in conjunction with them shall be and hereby are restrained and enjoined from

192767-1

refusing to file complete, proper and timely remittance reports with accompanying contributions for all periods for which Defendant is obligated to do so under the labor agreements.

4. Plaintiff shall have the right to conduct future audits for all relevant periods. Defendant shall be and hereby is restrained and enjoined from failing and refusing to submit to such audits by certified public accountants selected by Plaintiff and shall produce all payroll books and related records requested by Plaintiff, including, but not limited to, payroll, wages, general ledger and cash disbursement records, compensation insurance audits and any other pertinent records deemed necessary for the purpose of ascertaining and/or verifying payments and/or liabilities to Plaintiff. Defendant shall pay Plaintiff any additional amounts found owing, plus such other amounts as set forth in the labor agreements, the Agreement and Declaration of Trust of the Pension Fund, the International Painters and Allied Trades Industry Pension Plan, Finishing Trades Institute f/k/a International Union of Painters and Allied Trades Joint Apprenticeship and Training Fund Trust Agreement, Painters and Allied Trades Labor Management Cooperation Initiative Trust Agreement, or as required by the rules and regulations of any of these trust funds.

5. If additional delinquencies are discovered pursuant to the submission of the remittance reports or to the audit referred to above, or as a result of additional information that becomes available to the Plaintiff, the Plaintiff may apply to the Court for an additional or supplemental judgment reflecting any additional delinquencies, interest, liquidated damages, attorneys' fees and costs, pursuant to ERISA, 29 U.S.C. § 1132(g)(2) together with any audit costs incurred by the Plaintiff.

6. Judgment is hereby entered in favor of Plaintiff, International Painters and Allied Trades Industry Pension Fund against Defendant, Midwest Drywall Co., Inc., in the amount of

$619,325.96, which constitutes the principal amount of the contributions due and owing by the Defendant to Plaintiff, as of June 30, 2004. In addition to this amount, Plaintiff is granted leave to file a petition seeking the assessment of additional amounts, including interest, liquidated damages, audit fees, and attorneys' fees and costs to date. A supplemental judgment for these additional amounts will be entered by the Court. Nothing in this portion of the Order shall be construed as limiting or diminishing Plaintiff's rights to seek and obtain an additional and supplemental judgment against Defendant following completion of the audits required by Paragraphs 4 and 5 of this Order.

7.  If Defendant fails to comply with any of the terms of this Order, the Plaintiff may, in addition to pursuing the remedies provided for under Federal Rule of Civil Procedure 69, reopen this case upon motion to the Court and notice to the Defendant, and may at that time ask for further appropriate monetary and/or injunctive relief.

Date: _____        _____
                                     JUDGE GLADYS KESSLER
                                     United States District Court

Copies to:

RICHARD B. SIGMOND, ESQUIRE
(I.D. NO. 446969)
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683
Telephone: (215) 351-0609/0615
Facsimile: (215) 922-3524

Robert D. Overman
Morris, Laing, Evans, Brock & Kennedy, Chtd.
300 N. Mead, Ste. 200
Wichita, Kansas 67202-2722
Telephone: (316) 262-2671
Facsimile: (316) 262-6226

Charles F. Walters
Seyfarth Shaw, LLP
815 Connecticut Avenue, N.W. Ste. 500
Washington, DC 20006
Telephone: (202) 263-2400
Facsimile: (202) 828-5393