# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ) <br> ALLIED TRADES INDUSTRY ) <br> PENSION FUND ) <br> ) <br> Plaintiff ) <br> v. ) <br> ) <br> MIDWEST DRYWALL CO., INC. ) <br> ) <br> Defendant ) | Civil Action No. 06-131(GK) <br> **Next – Scheduled Court Deadline** <br> **Dispositive Motions: January 30, 2008** |

### DECLARATION OF ROBERT E. MOORE, C.P.A.

ROBERT E.. MOORE, C.P.A. declares:

1. I am employed by Moore, Renner & Simonin, P.C. From time to time, I act as Auditor for the International Painters and Allied Trades Union and Industry Pension Fund ("Pension Fund" or "Fund"). A copy of my Curriculum Vitae is attached as Exhibit 12.

2. My responsibilities include examination of a contributing employer's documents and financial records to determine whether such employer has a fringe benefit contribution delinquency.

3. In the normal course of performing an audit, the Fund provides me with a computerized printout of employee hours by month submitted to the Fund by the employer to be audited for the relevant audit period; a listing of the applicable contribution rates applicable to the employer for the relevant audit period; and copies of the applicable collective bargaining agreement.

4. I conducted an audit of the payroll books and related records of Midwest Drywall Co., Inc. ("Midwest" or "Company") covering the period January 1, 2001 through June 30, 2004.

A true and correct copy of this audit is attached hereto as Exhibit 10.

5. Midwest is a large drywall contractor that operates throughout the Midwest, basically west of the Mississippi to California.

6. I obtained and reviewed records provided by Midwest and records obtained from the Pension Fund.

7. In preparing the audit report, I determined (a) the geographic areas in which Midwest worked, (b) whether there were collective bargaining agreements in effect between the Local Unions or District Councils of the International Union of Painters & Allied Trades ("IUPAT"), and (c) if the employers in those areas were bound to those agreements and required to make contributions to the Pension Fund.

8. The audit revealed a shortage in the amount of $619,325.96, which resulted, in part, (1) from Midwest's failure to make contributions for all hours of covered work performed in areas where there is a collective bargaining agreement in effect between the Local Unions or District Councils of the International Union of Painters & Allied Trades and (2) Company's use of non-signatory contractors, a violation of the subcontracting provision in Article XV the Labor Agreement which, in turn, requires that contributions to the Pension Fund are owed for those hours worked. *See* Exhibit 10.

9. I have executed this Declaration in support of Plaintiff's Motion for Summary Judgment against Company and request this Court to consider the same as proof of the allegations contained in the Complaint and other facts stated in this Declaration.

I declare under penalty of perjury in accordance with 28 U.S.C. §1746 that the foregoing is true and correct to the best of my knowledge, information and belief

Executed on: 1/29/08

_____
ROBERT E. MOORE, C.P.A.