# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND | ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 06-131(GK) **Next – Scheduled Court Deadline** **Dispositive Motions: January 30, 2008** |
| Plaintiff, | | |
| v. | | |
| MIDWEST DRYWALL CO., INC. | | |
| Defendant. | | |

## DECLARATION OF JOHN SMIRK

JOHN SMIRK declares:

1. I am the Business Manager/Secretary-Treasurer of the International Union of Painters and Allied Trades, AFL-CIO, CLC, District Council 15 ("DC 15" or "Council"), which includes within its jurisdiction the International Union of Painters and Allied Trades Local 159 ("Local 159" and together with the Council, "Union"). I have held that position since July 1, 2004.

2. The Union is located in Henderson, Nevada and maintains its principal place of business at 1701 Whitney Mesa Drive, No. 105, Henderson, Nevada 89014.

3. I have personal knowledge of the contents of the collective bargaining agreements maintained by the Union, including the collective bargaining agreements with Midwest Drywall, Co., Inc. ("Company" or "Midwest").

4. As Business Manager/Secretary-Treasurer of DC 15, I serve as Chief Executive Officer of the Council which is comprised of various local unions chartered by the International Union of Painters and Allied Trades including Local 159. My duties include supervising and

managing the Council's budget, supervising all business agents, administrative and staff employees employed by the Council, negotiating collective bargaining agreements for the Council and its affiliated local unions, handling grievances, supervising all forms of labor disputes, monitoring and participating in unfair labor practice and litigation proceedings affecting the Council's or local union's interests, running union meetings, approving reports to the membership, serving on local boards and committees in the interest of my membership and otherwise assuring that my staff enforces all collective bargaining agreements and provides service to our members and their families.

5. On April 15, 1998, Midwest became signatory to a collective bargaining agreement with the Union. Midwest subsequently became bound to three successor collective bargaining agreements for the periods July 1, 2001 through June 30, 2004, July 1, 2004 through June 30, 2007, and July 1, 2007 through June 30, 2011. True and correct copies of each labor agreement is attached as Exhibits 5(a) through 5(d).

6. In April 2000, Local 159 filed a claim with the Joint Trade Board of the Painters and Decorators Joint Committee, Inc. ("Board") asserting Midwest's violation of Article IV of the labor agreement (hereinafter "out-of-area" clause).

7. On April 14, 2000, the Board rendered a Decision and Order concluding that Midwest was bound by the terms of the labor agreement, including the out-of-area clause "governing work performed by Midwest outside the area jurisdiction of the Master Agreement." The Board determined that the Company is required under Article IV to, *inter alia*, pay wages and fringe benefit contributions on all hours worked by its employees, even when the Company performed work outside of Local 159's geographic jurisdiction. A true and correct copy of the Board's Decision is attached as Exhibit 9.

192782-1                                       2

8. On February 8, 2007, Midwest and DC 15 entered into a Memorandum of Understanding ("MOU"). A true and correct copy of the MOU is attached as Exhibit 10.

9. The MOU constituted a limited waiver the out-of-area clause contained in Article IV of the labor agreement for the period February 8, 2007 through June 30, 2007. That waiver expired on June 30, 2007. *See* Exhibit 10.

10. On March 16, 2007, Midwest executed an Assignment of Bargaining Rights ("Assignment") wherein Midwest assigned its bargaining rights to the Negotiation Committee of the Southern Nevada Chapter of the Painting and Decorating Contractors of America ("PDCA"). A true and correct copy of the Assignment is attached as Exhibit 11.

11. Effective July 1, 2007, the PDCA negotiated a new labor agreement with the Union. This new labor agreement was binding on Midwest as a member of PDCA that assigned its bargaining rights to the PDCA. This agreement is currently in effect and does not contain any waiver of Article IV, the out-of-area clause. *See* Exhibit 5(d).

12. As with all the labor agreements related to Midwest, the current labor agreement contains an out-of-area provision obligating all contractors represented by the PDCA to, *inter alia*, make contributions to the IUPAT Pension Fund, the Painters and Allied Trades LMCI and the IUPAT Joint Apprentice and Training Fund (now referred to as the Finishing Trades Institute) for work performed by their employees in any geographic areas where there is a collective bargaining agreement in effect between the Local Unions or District Councils of the International Union of Painters and Allied Trades and employers of the industry. *See* Exhibit 5(d), Article IV, Section 1(b).

13. I have executed this Declaration in support of Plaintiff's Motion for Summary Judgment against Company and request this Court to consider the same as proof of the allegations contained in the Complaint and other facts stated in this Declaration.

I declare under penalty of perjury in accordance with 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information and belief

Executed on: 1/30/08

_____
JOHN SMIRK