# Exhibit 9

Proceeding Before the Joint Trade Board
of the
Painters and Decorators Joint Committee, Inc.

\* \* \* \*

International Brotherhood of Painters           )
and Allied Trades, Local Union No. 159,         )
                                                )
        Claimant,                               )
                                                )
v.                                              )
                                                )
Midwest Drywall Co., Inc.,                      )
                                                )
        Respondent.                             )   Date of Hearing: April 10, 2000
                                                )   Time of Hearing: 2:00 p.m.

## Decision and Order

This matter having come before the Joint Trade Board of the Painters and Decorators Joint Committee, Inc. ("Board") pursuant to the jurisdiction and authority granted to the Board for final determination of charges of violation of the Master (labor) Agreement ("Master Agreement"), between the International Brotherhood of Painters and Allied Trades Local Union No. 159 ("Union") and the Painting and Decorating Contractors of America; and the Union having asserted a violation of the Master Agreement, Article IV, Section 1(b) (50-50 Clause), through a continuing failure to enter into a collective bargaining agreement and comply with its lawful clauses for painting and taping work performed by Midwest Drywall Co., Inc. ("Midwest") on projects located in or near Omaha, Nebraska ("Projects"); and Midwest having been duly notified and having appeared at the scheduled hearing before the Board; and the Board having received testimony, documents, evidence and information regarding the Union's claim of violation by Midwest; and Good Cause Appearing Therefor,

The Board Finds and Concludes as follows:

1. that Midwest is a signatory employer, bound by the terms of the Master Agreement, pursuant to an application by Midwest approved by the Joint Committee for a Shop Card ("Shop Card - Labor Agreement"). Pursuant to its Shop Card - Labor Agreement, Midwest agreed to comply with the terms and provisions of the Master Agreement, including the 50-50 clause governing covered work performed by Midwest outside the area jurisdiction of the Master Agreement. Midwest was required by Article IV, Section 1(b), "when engaged in work outside the geographical jurisdiction of the Union party to this Agreement" to "comply with all of the lawful clauses of the collective bargaining agreement in effect in said other geographical jurisdiction" ("Other Jurisdiction Agreement") and to apply the terms and conditions of the Other Jurisdiction Agreement to all covered work performed by Midwest on the Projects. See Article IV, Section 1(b) of Master Agreement.

2. that Midwest was required by the Master Agreement, as a signatory employer, to pay its covered employees (painters and tapers) wages required by the Other Jurisdiction Agreement, as well as contributions to the fringe benefit trust funds required by the Other Jurisdiction Agreement. See Article IV, Section 1(b) of Master Agreement.

3. that the Union has properly notified Midwest of its continuing violation of the 50-50 clause under Article IV, Section 1(b) of the Master Agreement on the Omaha Projects for the period September, 1999 to date. During the hearing, Midwest conceded that it has not entered into nor become bound by the Other Jurisdiction Agreement of IBPAT Local Union No. 109 ("Local 109"), nor has Midwest paid required wages and benefits to, or in behalf of, its painters and tapers for covered work of the Projects.

4. That Midwest is found and concluded to be in continuing violation of the 50-50

2

Clause of the Master Agreement, and that a final determination of damages for lost wages and benefits may be determined at a future hearing by the Board, unless Midwest and the Union are able to resolve this violation within a reasonable period after the date of this Decision and Order.

5.   that the Union and Midwest shall forthwith enter into good faith discussions and use their best efforts, through communications with Local 109, the IBPAT International representatives and any other interested parties, to resolve Midwest's continuing violation and to ensure that future projects outside the jurisdiction of the Union are performed in compliance with the terms and provisions of the Master Agreement during the effective period of the Shop Card - Labor Agreement between the Union and Midwest.

## ORDER

Based upon the Findings and Conclusions of the Board, It Is Hereby Ordered, Adjudged and Decreed that Midwest is determined to be in continuing violation of the 50-50 Clause of the Master Agreement; and that Midwest and the Union shall forthwith initiate good faith discussion and efforts to resolve Midwest's continuing violation of the Master Agreement; and that the Board shall retain jurisdiction over this matter, should Midwest and the Union be unable to resolve Midwest's continuing violation, for purposes of entering a final Order of contract damages and referral of the Board's Decision and Order to the Local Union in whose jurisdiction the work is being performed for enforcement as required by Article IV, Section 1(b).

Dated and Done this ___ day of April, 2000

By: _____          By: _____
Gerald G. Kmetz, President of the Board        Thomas Pfundstein, Secretary of the Board

### Certificate of Certified Mailing

I, Martha Moore, in behalf of the Joint Trade Board of the Painters and Decorators Joint Committee, Inc., on the _14_ day of April 2000, deposited in the U.S. Mail, by certified mail, postage prepaid, a true and correct copy of Decision and Order addressed to the following:

Midwest Drywall Co., Inc.
c/o Robert D. Overman, Esq.
200 W. Douglas, 4th Fl.
Wichita, Kansas 67202-3084

_Martha Moore_
Martha Moore

4