Civil Action No. 06-131 (GK)

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND, <br><br>　　　　　Plaintiff, <br><br>v. <br><br>MIDWEST DRYWALL CO., INC., <br><br>　　　　　Defendant. | Civil Action No. 06-131 (GK) <br> Next-Scheduled Court Deadline <br> Pretrial Conference |

## DECLARATION OF JOHN SMIRK

JOHN SMIRK declares:

1. I am the Business Manager/Secretary-Treasurer of the International Union of Painters and Allied Trades, AFL-CIO, CLC, District Council 15 ("DC 15", which includes within its jurisdiction the International Union of Painters and Allied Trades Local 159. I have held that position since July 1, 2004.

2. As Business Manager/Secretary-Treasurer of DC 15, I am the chief spokesperson in its negotiation of all collective bargaining agreements, including the collective bargaining agreements DC 15 has negotiated with The Painting and Decorating Contractors of America Southern Nevada Chapter. The principal negotiator for the PDCA is, and during all of 2007 was, Thomas Pfundstein.

3. In early 2007, Mr. Pfundstein approached me and asked if DC 15 would grant relief from the out-of-area article of the current collective bargaining agreement to Midwest Drywall Company, Inc. We ultimately agreed to the memorandum of understanding that is attached as Exhibit 10 to my Declaration dated January 30, 2008.

4. That memorandum of understanding expired on June 30, 2007, when the 2004 to 2007 collective bargaining agreement expired.

5. I did not represent to Mr. Pfundstein that a similar memorandum of understanding would be granted to Midwest Drywall with respect to a successor collective bargaining agreement.

6. A successor collective bargaining agreement between DC 15 and the PDCA was effective July 1, 2007. During negotiation of the successor agreement, the parties did not agree to an exception to the out-of-area provisions of the agreement for Midwest Drywall.

7. After the 2007 collective bargaining agreement between DC 15 and the PDCA was executed, Mr. Pfundstein asked that DC 15 enter into a similar memorandum of understanding excepting Midwest Drywall from the out-of-area provisions of the agreement. I did not agree, nor did I tell Mr. Pfundstein that I would agree to such an exception.

I declare under penalty of perjury in accordance with 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on: 2/1/08

_____
JOHN SMIRK