IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND,<br><br>                Plaintiff,<br><br>v.<br><br>MIDWEST DRYWALL CO., INC.,<br><br>                Defendant. | )<br>)<br>)<br>)  Civil Action No. 06-131 (GK)<br>)  **Next-Scheduled Court Deadline**<br>)  **Pretrial Conference**<br>)<br>)<br>)<br>)<br>) |

## PENSION FUND'S STATEMENT OF GENUINE ISSUES

As discussed in its opposition, the Pension Fund does not believe any of the factual disputes that exist are material within the meaning of Federal Rule of Civil Procedure 56. Nonetheless, out of an abundance of caution, we file this statement to indicate the factual contentions made by Midwest Drywall that either are not supported as required by Rule 56(e), or are placed in dispute by record evidence submitted by the Pension Fund in accordance with the requirements of Rule 56(e).

      1. None of the exhibits submitted by Midwest Drywall is authenticated as required by Federal Rule of Evidence 901. Consequently, except for Defendant's Exhibit Nos. 3, 5, 7, 13, 19, 20, 24, 25, 29, 30, and 31, which the Pension Fund stipulates are authentic, those exhibits are not otherwise admissible and may not be relied upon to establish undisputed facts. *See* Fed. R. Civ. P. 56(e).

      2. The Pension Fund disputes paragraph 10 of Midwest Drywall's Statement of Material Facts as to Which There is No Genuine Issue ("Midwest Drywall's Statement") that "Painters Local 159 [the "Union"] did not and has not expressly or impliedly represented itself to Midwest Drywall to be the collective bargaining agent for Midwest Drywall's employees who work solely in locations outside the jurisdiction of Painters Local 159." The out-of-area clause

itself establishes the Union as the collective bargaining representative for painting and taping employees employed by Midwest Drywall in such locations. *See* Pl. Exs. 5(a)-(d), Art. 4, § 1(b). The Union is specifically instructed to seek such protection for employees working in the geographic jurisdiction of its sister local unions by Section 242 of the Constitution of its parent body, the International Union of Painters and Allied Trades. *See* Def. Ex. 7 at 152.

3. The Pension Fund disputes the self-serving characterization of the decision of the Joint Trade Board set forth at paragraphs 21 and 22 of Midwest Drywall's Statement. That description of the findings and conclusions of the Joint Trade Board is at odds with the Decision and Order of the Joint Trade Board. *See* Def. Ex. 13; Pl. Ex. 9. We also dispute that Leonard Whitman made the statement attributed to him by Steven Nienke to the effect that the Union would not enforce the decision of the Joint Trade Board. That affidavit testimony is not admissible on two grounds. First, it is irrelevant because, under Section 515 of ERISA, Midwest Drywall cannot rely on oral statements made by Union representatives to avoid its written obligations to the Pension Fund. Second, to the extent it is proffered for the truth of the matter asserted by Mr. Whitman, it is inadmissible hearsay.

4. The Pension Fund also disputes the truth of statements made in Midwest Drywall's Exhibits 14 and 15. The statements made in those exhibits -- to the effect that Midwest Drywall was current in its payments of fringe benefit contributions and was complying with its collective bargaining agreements -- are not otherwise admissible. First, the exhibits are not authenticated by affidavit testimony and are inadmissible on that ground. Second, the statements in those exhibits are inadmissible hearsay made by non-parties to this litigation with no authority to speak on behalf of the Pension Fund. Third, the statements are contradicted by the Declaration of Robert E. Moore, filed as Exhibit 3 in support of the Pension Fund's motion for summary judgment.

5. The Pension Fund also disputes the contention, made in paragraph 31 of Midwest Drywall's Statement and paragraph 26 of Mr. Nienke's Declaration that in January 2007, an unidentified representative of Painters District Council 15 "represented to Thomas Pfundstein that the proposed Memorandum of Understanding would be re-established with the new July 1, 2007 agreement." Mr. Nienke's affidavit testimony as to what Mr. Pfundstein told him an unnamed Union representative told Mr. Pfundstein is double hearsay and therefore it is not admissible. Beyond that, the testimony is irrelevant because, under Section 515 of ERISA, Midwest Drywall cannot rely on oral statements made by Union representatives to avoid its written obligations to the Pension Fund. Finally, John Smirk, the Union officer responsible for collective bargaining negotiations, has sworn the statement was not made. *See* Second Smirk Decl. ¶ 5.

6. The Pension Fund disputes the contention, made in paragraph 34 of Midwest Drywall's Statement and paragraph 29 of Mr. Nienke's declaration that, in July 2007, Mr. Smirk told Mr. Pfundstein that "he would re-issue a new Memorandum of Understanding for the new agreement." Mr. Nienke's affidavit testimony as to what Mr. Pfundstein told him that Mr. Smirk told Mr. Pfundstein is not otherwise admissible because a) it is a double hearsay statement by a non-party, and b) it is irrelevant to the Pension Fund's Section 515 claim. In any event, Mr. Smirk denies making the statement. *See* Second Smirk Decl. ¶ 7.

DSMDB-2389256

        BY: /s/ Richard B. Sigmond
        Richard B. Sigmond
        (I.D. No. 446969)
        Kent Cprek, Esquire
        (I.D. No. 478231)
        Jennings Sigmond, P.C.
        The Penn Mutual Towers
        510 Walnut Street
        Independence Square
        Philadelphia, PA  19106-3683
        (215) 351-0609/0615


        BY: /s/ Joseph E. Kolick, Jr.
        Joseph E. Kolick, Jr.
        (I.D. No. 292979)
        Dickstein Shapiro LLP
        1825 Eye Street, NW
        Washington, DC  20006
        (202) 420-2253

Date:  February 7, 2008        *Attorneys for Plaintiff*